UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN MIGUEL BATTLE,<br>  Plaintiff, | )<br>)<br>)  Case No. 17-4088<br>) |
| JENNY WHEAT, et al.,<br>  Defendants | )<br>) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause before the Court for consideration of Plaintiff's second motion for leave to file an amended complaint. [9]

Plaintiff, a pro se prisoner, filed his original 25 page complaint with 42 pages of exhibits. [1] One month later, Plaintiff filed a motion for leave to amend his complaint. [6]. Plaintiff's first motion for leave to amend included an additional 56 pages of exhibits, but it did include a proposed complaint. Therefore, the Court dismissed the motion for leave to amend, and instead considered the claims in the original complaint. *See* September 21, 2017 Merit Review Order.

Plaintiff alleged eight Defendants at the East Moline Correctional Center (EMCC) violated his First Amendment rights when they denied him meaningful access to the Courts. However, the Court was unable to decipher Plaintiff's specific claim. *See* September 21, 2017 Merit Review Order.

For instance, Plaintiff alleged he missed a filing deadline in another Central District of Illinois case. However, a review of the docket in that lawsuit found there

was no such deadline, and the case was not dismissed until after Plaintiff filed this lawsuit. *See* September 21, 2017 Merit Review Order, p. 2-3.

Plaintiff also alleged he missed a deadline in a class action lawsuit in which he was represented by counsel. However, it was unclear how Defendants interfered with Plaintiff's litigation when he admitted he was represented by counsel who was responsible for those deadlines. *See* September 21, 2017 Merit Review Order, p. 3.

Plaintiff also made vague reference to problems obtaining legal envelopes and the inadequacy of the law library, but he failed to articulate a constitutional violation and he failed to allege how any of the named Defendants were involved in his claims. *See* September 21, 2017 Merit Review Order, p. 3-4.

Therefore, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted, but allowed Plaintiff additional time to file a second amended complaint clarifying his claims. Plaintiff was also provided instructions to assist him. For instance, Plaintiff was directed to provide numbered paragraphs.

> For each paragraph, Plaintiff must state what specific claim he was prevented from pursuing, how he was hindered from pursing his claim, approximately when it occurred, and how an Defendant was involved. For instance, if Plaintiff was denied relevant case law, he must state when he requested assistance, who denied assistance, and how the denial specifically impacted his claim. September 21, 2017 Merit Review Order, p. 4.

Plaintiff was further admonished in order to state a constitutional violation, a complaint "must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a

2

conviction, sentence, or prison conditions." September 21, 2017 Merit Review Order, p. 2 *quoting Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Plaintiff has now filed his motion for leave to file a second amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [9].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's second amended complaint identifies eight Defendants including Education Department Supervisor Jenny Wheat, Former Librarian Joshua Baker, Warden Christine Brannon, Administrator Jason Garza, "Warden of Programs" Jane Doe, Administrator Todd Jackson, the East Moline Correctional Center, and the Illinois Department of Corrections. Plaintiff says he is suing pursuant to 42 U.S.C. §1983 for violations of his Fourteenth Amendment and First Amendment rights "as well as a true deliberate indifference as well (prison condition)." (Sec. Amd. Comp., p. 1).

The Court notes throughout his complaint, Plaintiff alleges Defendants Wheat, Battle, Brannon, Jackson, and Garza either failed to properly respond to his grievances, lied in relation to his grievances, or ignored his grievances. None of these claims clearly state a constitutional violation.

3

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982). Therefore, the alleged mishandling of grievances does not state a claim for relief.

Plaintiff alleges Defendant Jenny Wheat "played a role in fully denying my 'case laws' at my requests," left him off the list for law library time, did not re-hire law library personnel, did not allow the proper time limits in the law library, and denied Plaintiff access to a book on federal procedures. (Sec. Amd. Comp., p. 12).

Despite the Court's clear admonition, Plaintiff has still failed to point to any specific legal claim he was prevented from pursuing due to any action by Defendant Wheat. The only detailed information alleged is Plaintiff missed an unspecified deadline in a case he had with a law firm in New York, but Plaintiff provides no further information. Again, Plaintiff's lawyer would be responsible for meeting court deadlines. Plaintiff has failed to allege how Defendant Wheat violated his constitutional rights.

Plaintiff next alleges Defendant Baker denied his case law requests for months and did not bring him copies of unspecified documents or books. Defendant Baker

4

further denied an unspecified Freedom of Information Act (FOIA) request which prevented Plaintiff from obtaining evidence in *Battle v Luster*, Case No. 16-cv-9767.

This is a different case than Plaintiff mentioned in his first complaint. The Court takes judicial notice that *Battle v Luster*, Case 16-9767, is currently pending in the United States District Court for the Northern District of Illinois, and no dispositive motions have been filed. *See Battle v Luster*, Case No. 16-9767. Therefore, Defendant Baker did not prevent Plaintiff from pursuing his claim and Plaintiff has failed to articulate a constitutional violation.

Plaintiff alleges Defendant Jackson did not establish an appropriate legal mailing system within EMCC and the Defendant denied a request pursuant to the FOIA. Plaintiff provides details to explain his claims further, and he fails to point to any specific legal claim he was unable to pursue as a result of Defendant Jackson's actions.

Plaintiff also makes vague reference to retaliation for his previous lawsuits and grievances, but again, Plaintiff does not provide specific times, dates, or retaliatory acts. In addition, Plaintiff did not list retaliation as one of his intended claims. (Sec. Amd. Comp., p. 1).

Plaintiff repeats several of the same vague allegations against Defendants Garza, Brannon, and Doe. For instance, Plaintiff says he was denied case law, denied FOIA requests, denied evidence, a new law librarian was not hired, law library hours were cut, and the Defendant had an "unreliable" system for legal envelopes. (Sec. Amd. Comp., p. 14). Plaintiff provides no specific dates, events, or legal claims he was prevented from pursuing.

5

Finally, Plaintiff makes referenced to vague "mail room Defendants" which are not identified in his list of Defendants. (Sec. Amd. Comp., p. 16). Plaintiff says he continues to receive his legal mail late. Plaintiff cites to only one specific example. Plaintiff received a letter in February which was dated in December from a "'class action' Risperdol" case in New York. (Sec. Amd. Comp., p. 16). Plaintiff has again failed to explain how he was prevented from pursuing a claim. Plaintiff's own pleading indicates it is a class action with counsel representing the class.

Plaintiff is an experienced litigator. *See Battle v. Johnson*, Case No. 16-4260; *Battle v. Garza*, Case No. 17-4028; *Battle v Jackson*, Case No. 17-4048; and *Battle v Wheat*, Case No. 17-4075 in the Central District of Illinois; *Battle v Dart,* Case No. 12-2885; *Battle v Cook County Facility*, Case No. 12-3962; *Battle v Jones*, 16-2474; B*attle v. Cook County Cermak Staffing*, Case No. 12-2552; *Battle v. William*, Case No. 12-3546; *Battle v Cook County Warden*, Case No. 13-7778; *Battle v. Anderson*, Case No. 16-5749; *Battle v. Brewer*, Case No. 16-5957; *Battle v. Luster*, Case No. 16-9767; *Battle v. Luster*, Case No. 17-2176; *Battle v. Pfister*, Case No. 17-6338; *Battle v. Pfister*, Case No. 17-6928 in the Northern District; and *Battle v. Smoot*, Case No. 17-1165 in the Southern District.

Nonetheless, despite the Court's specific admonitions and directions, the Plaintiff's second amended complaint again fails to provide specific dates and events, and fails to state how any Defendant's actions led to "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

In addition, while Plaintiff mentions deliberate indifference based on prison conditions, he has failed to allege any facts in support of this claim in his second amended complaint. Therefore, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

The Court previously advised Plaintiff of the specific deficiencies in his complaint, and warned Plaintiff he would be given one final opportunity to clarify his claims or "his case will be dismissed and he will be accessed an additional "strike" pursuant to 28 U.S.C. § 1915(g)." September 21, 2017 Merit Review Order, p. 5.

Based on the Court's specific admonitions and Plaintiff's pleading, the Court does not believe Plaintiff can state a constitutional violation if given another opportunity to amend. *See Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011)(leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998) (dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies). This case is closed.

Since Plaintiff filed his original complaint in this case, he has now accumulated more than three strikes pursuant to 28 U.S.C. §1915(g). *See Battle v Cook County Facility*, Case No. 12-3962 (N.D. 7/6/12 strike); *Battle v Cook County Warden*, Case No. 13-7778(N.D. 11/14/13 strike); *Battle v. Garza*, Case No. 17-4028 (C.D. 4/3/17 strike) and *Battle v Wheat*, Case No. 17-4075 (C.D. 5/18/17 strike). This statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

7

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

Therefore, Plaintiff is admonished in any future litigation concerning prison conditions in which he seeks leave to proceed in forma pauperis, Plaintiff MUST inform the Court of his three strikes status pursuant to §1915(g). "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a second amended complaint is granted. [9].

2) Plaintiff's second amended complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915A and for failure to follow Court orders. This case is closed.

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record the Plaintiff's strike in the three-strike log and note Plaintiff now has three strikes.

4) In any future litigation concerning prison conditions in which Plaintiff seeks leave to proceed in forma pauperis, Plaintiff MUST inform the Court in writing of his three strikes status pursuant to §1915(g).

5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 12th day of December, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE